UNITED STATES DISTRICT

COURT DISTRICT OF OREGON

EUGENE DIVISION

RICKY A.,

    Plaintiff,         Case No. 6:25-cv-00257-YY

 v.            OPINION AND ORDER

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

    Defendant.

_____

YOU, Magistrate Judge.

Plaintiff Ricky A. seeks judicial review of the Commissioner's final decision denying social security disability benefits. Plaintiff asserts the Administrative Law Judge erred in assessing medical opinion testimony and discounting plaintiff's subjective symptom testimony and the testimony of a lay witness. The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). With that standard of review applied, the Commissioner's decision is AFFIRMED.

//

//

## I.    Medical Opinion Evidence

### A.    Standard Regarding Evaluation of Medical Opinion Evidence

When evaluating medical opinion evidence for claims filed on or after March 27, 2017, ALJs must apply 20 C.F.R. § 404.1520c for Title II claims and 20 C.F.R. § 416.920c for Title XVI claims. *Revisions to Rules Regarding the Evaluation of Medical Evidence* (*Revisions to Rules*), 82 Fed. Reg. 5844, *available at* 2017 WL 168819 (Jan. 18, 2017). Under these regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive." 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). To that end, controlling weight is no longer given to any medical opinion. *Revisions to Rules*, 82 Fed. Reg. at 5867-68; *see also* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the Commissioner evaluates the persuasiveness of medical opinions based on (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(a), (c)(1)-(5), 416.920c(a), (c)(1)-(5).

The factors of "supportability" and "consistency" are considered to be "the most important factors" in the evaluation process. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence." *Woods v. Kijakazi*, 32 F.4th 785, 791– 92 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)). Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." *Id.* (citing 20 C.F.R § 404.1520c(c)(2)).

Page 2 – OPINION AND ORDER

An ALJ must articulate how persuasive the ALJ finds the medical opinions and explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b); *see Tyrone W. v. Saul*, No. 3:19-CV-01719-IM, 2020 WL 6363839, at *7 (D. Or. Oct. 28, 2020). "The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements." *Linda F. v. Comm'r Soc. Sec. Admin.*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (W.D. Wash. Nov. 6, 2020). However, ALJs are required to explain "how they considered other secondary medical factors [if] they find that two or more medical opinions about the same issue are equally supported and consistent with the record but not identical." *Tyrone W.*, 2020 WL 6363839, at *6 (citing 20 C.F.R. §§ 404.1520c(b)(2) and 404.1520c(b)(3)).

Furthermore, the court must continue to consider whether the ALJ's decision is supported by substantial evidence. *See Revisions to Rules*, 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision."); *see also* 42 U.S.C. § 405(g).

**B.      Anthony Dodson, M.D.**

The ALJ found Dr. Dodson's opinion was "unpersuasive as his statements about the claimant's limitations are overstated when compared to the medical evidence." Tr. 25. In particular, the ALJ noted that "[t]he objective medical evidence dated during the relevant period

Page 3 – OPINION AND ORDER

does not include physical examinations that document the claimant's level of physical functioning, just brief pain management evaluations that show the claimant's pain and daily functioning improved, not only on methadone, but even more so on Suboxone, which is not indicative of disabling chronic pain affecting the back, legs, pelvis, and shoulders." *Id.* Indeed, while the record shows that Dr. Dodson conducted examinations of plaintiff, as the ALJ observed, the examinations did not assess plaintiff's level of physical functioning. This was a valid basis upon which to conclude that Dr. Dodson's opinion was unsupported.

Plaintiff argues the ALJ ignored that his pain improved not only with medication but also by lying down throughout the day and limiting his daily activities. Pl. Br. 7. But, as the ALJ observed, Dr. Dodson did not explain why plaintiff had to lie down or for how long. Dr. Dodson left the portion of the treating source statement blank where it asked "for how long" plaintiff would have to lie down and "for what reason." Tr. 2165. This is another valid basis for the ALJ to reject Dr. Dodson's opinion as unsupported.

### C.    Michael Carnevale, D.O.

The ALJ found that Dr. Carnevale similarly did not explain "for how long" and "for what reason" plaintiff would have to lie down during the day. Tr. 24; *see* Tr. 1888. The ALJ also found that Dr. Carnevale's opinion that plaintiff's limitations were present since at least December 30, 2018, was unpersuasive given Dr. Carnevale answered "unknown" when asked about plaintiff's functional limitations with respect to sitting, standing, and walking in an eight-hour workday, limitations in repetitive reaching, handling, or fingering, limitations in gross and fine manipulation, time off task during a workday, and potential absences from work. Tr. 24; *see* Tr. 1187-1191. The ALJ further discounted Dr. Carnevale's opinion that plaintiff needed a job that

Page 4 – OPINION AND ORDER

allowed him to shift positions at will with unscheduled breaks unpersuasive because it was inconsistent with his chart notes documenting successful treatment with pain medication and "much improved" functional status since transitioning to Suboxone. Tr. 24; *see* Tr. 1828. Additionally, the ALJ noted that plaintiff had reported to Dr. Carnevale that he "still stays active doing some logging and cutting firewood." *Id*.; *see* Tr. 1914. These were all sufficient bases upon which to find that Dr. Carnevale's opinion was unsupported and inconsistent with the record.

## II.    Subjective Symptom Testimony

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The proffered reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, available at 2016 WL 1119029. SSR 16-3p eliminates the reference to

"credibility," clarifies "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1–2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

The ALJ found that plaintiff's "statements concerning the intensity, persistence and limiting effects of [plaintiff's] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 22. The ALJ recognized plaintiff's claims that he suffers pain when he sits, he cannot lift more than 10 pounds, he cannot lift without pain, he has to lie down at least one hour on a good day and four to five hours on bad days, his pain medication relieved only 30% of his pain, and he had approximately 20 bad days per month. Tr. 21-22. In discounting plaintiff's testimony, the ALJ cited to records that indicated plaintiff was "doing well" on pain medication (*see* Tr. 1346), he showed 50 percent improvement after transitioning to new medication, and Dr. Carnevale's chart notes reflecting that they discussed the "need for 'occupation'" and "staying active." Tr. 1385, 1765. In evaluating a claimant's subjective symptom testimony, an ALJ may consider whether it is consistent with objective medical evidence. 20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3); SSR 16-3p, *available at* 2017 WL 5180304, at *7-8. Where, as here, the "objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may

indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original).

Plaintiff argues the ALJ improperly relied on improvement with pain medication while failing to recognize that his pain did not improve with medication alone but also by limiting his physical activity, which included lying down and not moving. Pl. Br. 13. But the ALJ pointed to plaintiff's physical activities, such as "staying active doing some logging and cutting firewood," which discredits this aspect of plaintiff's testimony. Tr. 23; *see also* Tr. 1289 (noting increased outdoor activities, including "more wood cutting"); *see Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (holding an ALJ may invoke activities of daily living in the context of discrediting subjective symptom testimony to illustrate a contradiction in previous testimony).

### III.    Lay Witness Testimony

Plaintiff also challenges the ALJ's failure to address the testimony of his friend of 50 years. *See* Tr. 514. The friend's testimony is similar to plaintiff's testimony, and the ALJ provided clear and convincing reasons for discounting plaintiff's testimony. Those same reasons constitute germane grounds for discounting the lay witness statements, and any error in failing to specifically address the lay witness testimony is harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) ("Where lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony, it would be inconsistent with our prior harmless error precedent to deem the ALJ's failure to discuss the lay witness testimony to be prejudicial per se."); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (affirming that if an ALJ provides clear and convincing reasons for rejecting a claimant's

subjective complaints, and a lay witness's testimony is similar to those complaints, it follows that

the ALJ has provided germane reasons for rejecting the lay witness testimony).

## CONCLUSION

The Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED July 29, 2026.

/s/ Youlee Yim You

Youlee Yim You
United States Magistrate Judge